[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEPARTMENT OF CHILDREN AND FAMILIES' MOTION TO QUASH SUBPOENA DUCES TECUM (#148) FACTS
This case, sounding in negligence, arises from the alleged failure of a pediatrician to report child abuse in violation of General Statutes § CT Page 32917a-101 a.[1]
In their amended complaint, filed on February 15, 2000, the two minor plaintiff's make the following allegations. The defendant, Michael Blefeld, is a physician duly licensed by the state of Connecticut, with a specialty in pediatric medicine, and is a mandated reporter under General Statutes § 17a-101 (b).[2] The plaintiff's, who were born in 1984 and 1990, respectively, have both been patients of the defendant for their entire lives. The defendant has treated the plaintiff's many times for a variety of medical reasons including, but not limited to, injuries and bruises, enuresis and encopresis. The plaintiff's have suffered severe physical abuse at the hands of their mother's boyfriend (now her husband) and the physical abuse was obvious and known by, or should have been known by, the defendant. The defendant failed to report the abuse he observed, including bruises and lacerations, and, in the case of one of the children, a failure to thrive evidenced by a lack of weight gain. The defendant's failure to report caused further abuse of the plaintiff's by their mother and her boyfriend.
On August 4, 2000, the state department of children and families (DCF) filed a motion to quash subpoena duces tecum issued by the defendant. The subpoena directs a knowledgeable representative of the department of children and families to appear for a deposition and to produce the department's complete files on both of the minor plaintiff's. DCF asserts that the information sought by the defendant is confidential under General Statutes § 17a-28 and may not be disclosed. The defendant filed an objection to the motion to quash. In addition, Elizabeth Scully, the mother of the minor plaintiff's, has filed an objection to the disclosure of the DCF records.
The defendant argues that he has the right to disclosure of the DCF files regarding the two minor plaintiff's. According to the defendant, access to the records is essential to his defense because the records may reveal that the alleged abuse of the plaintiff's had been reported to DCF by individuals other than the defendant and that DCF failed to take action in the matter despite the reports. The defendant argues that such information is relevant to the issue of proximate cause because it could support a conclusion that, even if the defendant had reported the alleged abuse, DCF would not have taken steps to prevent further abuse.
As a general matter, information in the files of the DCF relating to its child protection activities must be kept confidential. General Statutes § 17a-28 (b) provides:
"Notwithstanding the provisions of section 1-210, 1-211
or 1-213, records maintained by the department shall CT Page 330 be confidential and shall not be disclosed. Such records of any person may only be disclosed, in whole or in part, to any individual, agency, corporation or organization with the consent of the person or as provided in this section. Any unauthorized disclosure shall be punishable by a fine of not more than one thousand dollars or imprisonment of not more than one year, or both."
This general policy of confidentiality is subject to a number of exceptions, including, under certain circumstances, disclosure to the Superior Court. For example, under § 17a-28 (g) (11), otherwise confidential DCF information may be disclosed to "[a] judge of the Superior Court for purposes of determining the appropriate disposition of a child convicted as delinquent or a child who is a member of a family with service needs . . ." if such disclosure is in a person's best interest. Additionally, the name of an individual reporting child abuse may be disclosed to "a judge of the Superior Court and all necessary parties in a court proceeding pursuant to section 46b-129, or a criminal prosecution involving child abuse or neglect." General Statutes § 17a-28
(i)(5). The statute contains no exception, however, providing generally for the disclosure of information in DCF files to the court or the parties in a civil action.
At oral argument, the defendant argued that the court should review the requested documents in camera to determine whether they contain any exculpatory information. In support of this argument, the defendant has directed the court's attention to Pennsylvania v. Ritchie, 480 U.S. 39,107 S.Ct. 989, 94 L.Ed.2d 40 (1987), and State v. Leduc, 40 Conn. App. 233
(1996).
In Pennsylvania v. Ritchie, supra, 480 U.S. 39, the criminal defendant was charged with sexual offenses against his minor daughter. During pretrial discovery, the defendant served the child protective service agency with a subpoena, seeking access to records concerning his daughter. Pursuant to Pennsylvania law, the records were subject to a qualified, rather than absolute, confidentiality. Id., 57-58. The United States Supreme Court held that, when state law provides such a qualified confidentiality, a criminal defendant has the right, under the due process clause of the fourteenth amendment, to have the records reviewed in camera by the judicial authority to determine whether they contain potentially exculpatory information. Id., 58.
Our Supreme Court adopted the reasoning of the Ritchie court in Statev. Leduc, supra, 40 Conn. App. 233. The court recognized that the CT Page 331 confidentiality created by § 17a-28 "is not absolute but, rather, is qualified." Id., 242. The court then went on to observe that under §17a-28 (c) (now § 17a-28 (f)(2)) DCF records, upon request, must be disclosed to "the Chief State's Attorney or his designee or a state's attorney for the judicial district in which the child resides or in which the alleged abuse or neglect occurred or his designee, for purposes of investigating or prosecuting an allegation of child abuse or neglect. . . ." Id., 243. Furthermore, the court noted that under § 17a-28 (i) (now § 17a-28 (l)) "[a] state's attorney shall disclose to the defendant or his counsel in a criminal prosecution, without the necessity of a court order, exculpatory information and material contained in such record and may disclose, without a court order, information and material contained in such record which could be the subject of a disclosure order." The Leduc court concluded:
 [A] trial court may conduct an in camera inspection of DCF records and release portions of the records in appropriate circumstances. The statute does not prohibit the disclosure of the records under any circumstances, absent the victim's consent. Indeed, if this conclusion were otherwise, the state's attorney could circumvent the need to reveal exculpatory information contained in DCF records, which might otherwise be required to be given to the defendant under the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by simply not requesting or receiving such records.
State v. Leduc, supra, 40 Conn. App. 243.
The defendant argues that the reasoning of Ritchie and Leduc should be extended to give the defendant in the present civil matter access to confidential DCF files. The defendant has not cited, and the court has been unable to identify, any Connecticut cases in which either Ritchie orLeduc has been extended to civil litigation. The courts of some other states have determined that a civil litigant is entitled to have the court conduct an in camera inspection of confidential records similar to those involved in this case. The statutes in those states, however, differ from § 17a-28 in that they contain provisions broad enough to give courts discretion to admit such records. See Dept. of SocialServices v. Stein, 328 Md. 1, 612 A.2d 880, 881 n. 4, 891 (1992) (statute permitting disclosure of records via court order); Cochran v. NortheastOhio Adoption Services, 85 Ohio App.3d 750, 752-53, 621 N.E.2d 470 (1993) (statute permitting disclosure of adoption records "only upon consent of the court"). Absent such statutory language, courts have found that there is no right to either disclosure or in camera inspection of confidential CT Page 332 records in a non-criminal proceeding. See Gilbert v. Superior Court,193 Cal.App.3d 161, 238 Cal.Rptr. 220 (1987); V.B.T. v. Family Servicesof Western Pennsylvania, 705 A.2d 1325 (Pa.Super. 1998).
General Statutes § 17a-28, unlike the statutes in the Maryland and Ohio cases cited above, contains no general grant of discretion to the court to order disclosure of, or to inspect, DCF records. Furthermore, the defendant has provided no authority for the proposition that his interest in the present case is comparable with the liberty interest of the criminal defendants in Ritchie and Leduc, to the extent that denying him the right to access the confidential DCF records amounts to a denial of due process. As the Pennsylvania court noted in V.B.T. v. FamilyServices of Western Pennsylvania, supra, 705 A.2d 1335, because parties to a civil suit do not face incarceration, "the panoply of constitutional protections afforded criminal defendants, including the right under Bradyv. Maryland . . . to be provided with information material to their case, is not at stake in weighing their discovery rights against the protections provided by the [confidentiality statute]."
Because there is no constitutional consideration in the present case that would require an exception to the confidentiality of § 17a-28, the language of the statute governs. "It is the duty of the court to interpret the statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated." (Citation omitted; internal quotation marks omitted.) Luce v. United TechnologiesCorp., 247 Conn. 126, 133 (1998). This court therefore may not read an additional exception into § 17a-28 to allow disclosure of DCF records in the course of discovery in a civil action.
This restrictive application of § 17a-28 is consistent with the previous rulings of the judges of this court. In Travelers Insurance Co.v. Department of Children and Youth Services, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 704571 (February 4, 1994, O'Neill, J.), a party to arbitration sought the disclosure of records of the Department of Children and Youth Services (now DCF). The court held that it lacked the power to order disclosure of the records because none of the exceptions contained in § 17a-28 (b) was applicable. Similarly, in In re James T., Superior Court, judicial district of Middlesex, no Docket No., (August 18, 1997, Foley, J.) (20 Conn.L.Rptr. 386), the respondent parent in an action for termination of parental rights sought disclosure of DCF records for the purpose of confronting his accusers. The court held that the records could not be disclosed because § 17a-28 does not provide for disclosure under such circumstances. Id., 386.
For the reasons set forth above, the defendant is not entitled to CT Page 333 disclosure of the DCF records sought in the subpoena duces tecum. Furthermore, the court has no authority to conduct an in camera inspection of the records. Consequently, DCF's motion to quash the subpoena duces tecum is granted, the objection filed by the defendant Michael Blefeld is overruled and Elizabeth Scully's objection is sustained.
Hendel, J.